IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WINDSOR AT GRAND PARKWAY, L.P., | § | CASE NO. 09-31469-11 |
| | § | (CHAPTER 11) |
| DEBTOR. | § | |
| | § | |
| | § | |
| WINDSOR AT GRAND PARKWAY, L.P., | § | |
| | § | |
| PLAINTIFF, | § | ADVERSARY NO. 10-03251 |
| | § | |
| V. | § | |
| | § | |
| WELLS FARGO BANK, N.A., AS | § | |
| TRUSTEE FOR THE REGISTERED | § | |
| HOLDERS OF WACHOVIA BANK | § | |
| MORTGAGE PASS THROUGH | § | |
| SERIES 2006-C23 AND CWCAPITAL | § | |
| MANAGEMENT, L.L.C | § | |
| | § | |
| DEFENDANTS. | § | |

## ANSWER

TO THE HONORABLE KAREN K. BROWN, UNITED STATES BANKRUPTCY JUDGE:

Wells Fargo Bank, N.A., as former trustee for the registered holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2006-C23 ("Wells Fargo"), CWCapital Asset Management LLC ("CWCapital"), and Bank of America, N.A. as trustee for the registered holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2006-C23 ("Bank of America," and together with Wells Fargo and CWCapital, the "Defendants"), for their answer to the Debtor and Debtor-in-Possession's First Amended Complaint for Damages, Declaratory Judgment, Equitable Subordination, and Objection to Claims and Request for Sanctions (the "Complaint"), admit, deny, and allege as follows:

## FIRST DEFENSE

Summary of Complaint.   Plaintiff makes a two-paragraph statement purporting to summarize the complaint.  The purported summary does not summarize the complaint, nor does it accurately summarize the matters addressed.  The purported summary does not contain simple, concise, and direct statements as required by Fed. R. Civ. P. 8(d)(1) and Fed. R. Bankr. P. 7008, so the Defendants cannot respond specifically to the allegations.  To the extent a response is required, the Defendants deny the Summary of Complaint.

1.      The Defendants admit the allegations of paragraph 1 of the Complaint.

2.      The Defendants admit that Plaintiff's objection to claim and request for equitable subordination are core proceedings.  Except as expressly admitted, the Defendants deny all allegations of paragraph 2 of the Complaint.

3.      The Defendants admit the allegations of paragraph 3 of the Complaint.

4.      The Defendants deny the allegations of paragraph 4 of the Complaint.

5.      The Defendants admit the allegations of paragraph 5 of the Complaint.

6.      The Defendants admit the allegations of paragraph 6 of the Complaint.

7.      The Defendants admit the allegations of paragraph 7 of the Complaint.

8.      The Defendants admit the allegations of paragraph 8 of the Complaint.

9.      The Defendants deny the allegations of paragraph 9 of the Complaint.

10.     The Defendants admit the allegations of paragraph 10 of the Complaint.

11.     The Defendants admit the allegations of the first four sentences of paragraph 11 and deny the allegations of the remaining sentence of paragraph 11 of the Complaint.

12.     With respect to paragraph 12 of the Complaint, the Defendants deny that (a) the referenced proof of claim was filed on July 22, 2009, (b) the referenced proof of claim was signed by Mr. Flandrau as "Vice President of CWCapital Management, LLC," and (c) the

itemized statement attached to the reference proof of claim included an amount for a prepayment "penalty." Except as expressly denied, the Defendants admit the remaining allegations of paragraph 12 of the Complaint.

13. With respect to paragraph 13 of the Complaint, the Defendants admit that (a) no amendment was made to the proof of claim as of the date of filing the original complaint on June 3, 2010, (b) documents were produced to Plaintiff on April 6, 2010 showing that Bank of America, N.A. became the successor to Wells Fargo Bank, N.A. as trustee for the registered holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgages Pass-Through Certificates, Series 2006-C23 on March 31, 2009, and (c) the change in trustee was not disclosed prior to April 2010. Except as expressly admitted, the Defendants deny all allegations of paragraph 13 of the Complaint.

14. With respect to paragraph 14 of the Complaint, the Defendants deny that (a) a power of attorney was required for the referenced proof of claim by the official form, Federal Rule of Bankruptcy Procedure 3001, or any other authority, (b) the itemized statement attached to the referenced proof of claim states "Principal Outstanding Amount after the February 11, 2009 payment" and (c) the referenced proof of claim includes an amount for a prepayment "penalty." Except as expressly denied, the Defendants admit the remaining allegations of paragraph 14 of the Complaint.

15. The Defendants admit the allegations of paragraph 15 of the Complaint.

16. The Defendants allege that they lack knowledge or information sufficient to form a belief about the truth of allegations of paragraph 16 of the Complaint and on that ground deny them.

17. With respect to paragraph 17 of the Complaint, the Defendants admit that (a) Plaintiff requested a breakdown of how the letter of credit proceeds were applied, (b) Plaintiff

requested a meeting concerning the Loan (as that term is defined in the Complaint), (c) CWCapital declined to meet with Plaintiff unless Plaintiff signed the Agreement (as that term is defined in the Complaint), and (d) a copy of the Agreement is attached as Exhibit "A" to the Complaint (the terms of the Agreement are self-evident). Except as expressly admitted, the Defendants deny all allegations of paragraph 17 of the Complaint.

18. With respect to paragraph 18 of the Complaint, the Defendants (a) allege that they lack knowledge or information sufficient to form a belief about the truth of allegations of the first sentence and on that ground deny them and (b) admit that copies of the Agreement (as that term is defined in the Complaint) and the email referenced in paragraph 18 of the Complaint are attached as Exhibits "A" and "B," respectively, to the Complaint (the terms of that Agreement and email are self-evident). Except as expressly admitted, the Defendants deny all allegations of paragraph 18 of the Complaint.

19. With respect to paragraph 19 of the Complaint, the Defendants admit that Mr. Zukoski sent the referenced letter to Plaintiff on January 29, 2009 and that a copy of that letter is attached as Exhibit "C" to the Complaint (the terms of the letter are self-evident). Except as expressly admitted, the Defendants deny all allegations of paragraph 19 of the Complaint.

20. With respect to paragraph 20 of the Complaint, the Defendants admit that Mr. Towber sent Mr. Zukoski the referenced email and that a copy of that email is attached to the Complaint (the terms of that email are self-evident). Except as expressly admitted, the Defendants deny all allegations of paragraph 20 of the Complaint.

21. With respect to paragraph 21 of the Complaint, the Defendants admit that (a) Wells Fargo sent the referenced "Notice of Foreclosure" to Plaintiff on February 6, 2009 (the terms of the Notice of Foreclosure are self-evident) and (b) the Real Property (as that term is

defined in the Complaint) was posted for foreclosure on March 3, 2009. Except as expressly admitted, the Defendants deny all allegations of paragraph 21 of the Complaint.

22.     The Defendants admit the allegations of the first sentence of paragraph 22 and deny the allegations of the remaining sentences of paragraph 22 of the Complaint.

23.     With respect to paragraph 23 of the Complaint, the Defendants admit that (a) Mr. Towber sent Mr. Zukoski the letter dated February 24, 2009 attached to the Complaint (the terms of that letter are self-evident) and (b) neither CWCapital nor Wells Fargo provided the detailed accounting information requested by the Debtor prior to the bankruptcy filing. Except as expressly admitted, the Defendants deny all allegations of paragraph 23 of the Complaint.

24.     The Defendants admit the allegations of the first sentence of paragraph 24 and deny the allegations of the second sentence of paragraph 24 of the Complaint.

25.     The Defendants admit the allegations of paragraph 25 of the Complaint.

26.     The Defendants admit the allegations of paragraph 26 of the Complaint.

27.     With respect to paragraph 27 of the Complaint, the Defendants (a) admit that Plaintiff filed its bankruptcy petition on March 2, 2009, (b) allege that they lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of the first sentence and on that ground deny them, and (c) deny the allegations of the second sentence.

28.     With respect to paragraph 28 of the Complaint, the Defendants admit that (a) Wells Fargo posted the Real Property (as that term is defined in the Complaint) for a March 3, 2009 foreclosure sale and filed a state court lawsuit, (b) Plaintiff sought to obtain certain documents through discovery in the bankruptcy case, (c) the Loan (as that term is defined in the Complaint) was a CMBS loan, and (d) Plaintiff sought to review and inspect the original Note, all reports created or relating to the Loan and all accountings and accounts relating to the Loan.

Except as expressly admitted, the Defendants deny all allegations of paragraph 28 of the Complaint.

29.     The Defendants deny all allegations of paragraph 29 of the Complaint, including all sub-paragraphs, except as follows:

(a)     The Defendants admit the allegations of sub-paragraph 29.a of the Complaint.

(b)     As to sub-paragraph 29.b of the Complaint, the Defendants admit that the Court conducted a status conference in the case on May 11, 2009 at which production of documents was discussed.

(c)     With respect to sub-paragraph 29.c of the Complaint, the Defendants admit that (i) the referenced Motion for Relief From Stay [Docket No. 28] was filed on May 22, 2009, (ii) the referenced June 12, 2009 agreed order [Docket No. 35] was entered (the terms of that order are self-evident), and (iii) the referenced August 19, 2009 order [Docket No. 58] was entered (the terms of that order are self-evident).

(d)     With respect to sub-paragraph 29.d of the Complaint, the Defendants admit that (i) the referenced Emergency Motion to Compel Production of Documents and for Sanctions [Docket No. 52] was filed, (ii) the Court held a hearing on that motion on August 12, 2009, and (iii) the referenced August 19, 2009 order [Docket No. 58] was entered (the terms of that order are self-evident).

(e)     Intentionally omitted.

(f)     With respect to sub-paragraph 29.f of the Complaint, the Defendants admit that (i) the referenced Emergency Request for Telephonic Hearing on Order Granting Emergency Motion To Compel Production of Documents and For Sanctions [Docket No. 67] was filed, (ii) the Court held a telephonic hearing on that motion on September 14,

2009 and allowed the parties to appear by telephone at that hearing, and (iii) the referenced September 16, 2009 Order Granting Debtor's Emergency Request for Supplemental Order Relating to Order Granting Emergency Motion to Compel Production of Documents and Sanctions [Docket No. 72] was entered (the terms of that order are self-evident).

(g)     With respect to sub-paragraph 29.g of the Complaint, the Defendants admit that additional documents were produced on September 24, 2009 (the exact documents produced are self-evident).

(h)     With respect to sub-paragraph 29.h of the Complaint, the Defendants admit that (i) the referenced Emergency Motion for Sanctions For Failure to Abide by Orders to Compel and For Sanctions (Docket Nos. 58 and 72) [Docket No. 79] was filed, (ii) a hearing was set on that motion for November 4, 2009, and (iii) the referenced Order entered November 4, 2009 [Docket No. 83] reset that hearing to November 16, 2009.

(i)     With respect to sub-paragraph 29.i of the Complaint, the Defendants admit that (i) the referenced Stipulation and Order Regarding Emergency Motion for Sanctions for Failure to Abide by Court Orders to Compel and For Sanctions was filed and was signed by the Court on November 13, 2009 [Docket No. 88] (the terms of that stipulation are self-evident) and (ii) Plaintiff reset the referenced Emergency Motion for Sanctions For Failure to Abide by Orders to Compel and For Sanctions (Docket Nos. 58 and 72) [Docket No. 79] for hearing on February 11, 2010.

(j)     With respect to sub-paragraph 29.j of the Complaint, the Defendants admit that (i) the referenced Supplement to Third Motion to Compel and Sanctions [*sic*] [Docket No. 96] was filed by Plaintiff, (ii) the referenced Motion to Dismiss, Convert or Appoint a Chapter 11 Trustee [Docket No. 98] (the terms of that motion are self-evident)

**ANSWER**                                                                                          **PAGE 7**

was filed the same day as the referenced Supplement to Third Motion to Compel and Sanctions [*sic*] [Docket No. 96], and (iii) Plaintiff opposed the referenced Motion to Dismiss, Convert or Appoint a Chapter 11 Trustee [Docket No. 98].

(k)     With respect to sub-paragraph 29.k of the Complaint, the Defendants admit that (i) Mr. Stanford sent the referenced letter dated January 14, 2010 to Mr. Towber along with additional documents and an index of those additional documents (the letter, exact documents produced, and the index are self-evident), (ii) the referenced Motion for Protective Order [Docket No. 102] was filed, and (iii) Plaintiff opposed the referenced Motion for Protective Order [Docket No. 102] due to, *inter alia*, Plaintiff's contention of lack of timeliness.

(l)     With respect to sub-paragraph 29.l of the Complaint, the Defendants admit that (i) the Court conducted an evidentiary hearing on the referenced Motion for Sanctions [Docket No. 79] on February 11, 2010 and (ii) the February 25, 2010 Sanctions Order (as that term is defined in the Complaint) was entered on February 25, 2010 [Docket No. 110] (the terms of that order are self-evident).

30.     With respect to paragraph 30 of the Complaint, the Defendants admit that the Court entered the February 25, 2010 Sanctions Order (as that term is defined in the Complaint) (the terms of that order are self-evident).  Except as expressly admitted, the Defendants deny all allegations of paragraph 30 of the Complaint.

31.     The Defendants deny the allegations of paragraph 31 of the Complaint.

32.     The Defendants admit the allegations of the first, second, third, and fifth sentences of paragraph 32 and deny the allegations of the remaining sentences of paragraph 32 of the Complaint.

33.     The Defendants deny the allegations of paragraph 33 of the Complaint.

34.     The Defendants deny the allegations of paragraph 34 of the Complaint.

35.     The Defendants admit the allegations of paragraph 35 of the Complaint.

36.     With respect to paragraph 36, the Defendants admit that default interest was charged prior to Plaintiff's bankruptcy filing after the referenced letter of credit proceeds were received.  Except as expressly admitted, the Defendants deny all allegations of paragraph 36 of the Complaint.

37.     The Defendants admit the allegations of the second and fourth sentences of paragraph 37 (the contents of the documents referenced in those sentences are self-evident) and deny the allegations of the remaining sentences of paragraph 37 of the Complaint.

38.     With respect to paragraph 38, the Defendants deny that the quoted language at the end of the last sentence accurately states the definition of "Servicing Standard" in the PSA (as that term is defined in the Complaint).  Except as denied, the Defendants admit the remaining allegations of paragraph 38 of the Complaint.

39.     The Defendants admit the allegations of the second and third sentences of paragraph 39 and deny the allegations of the remaining sentences of paragraph 38 of the Complaint.

40.     The defendants admit the allegations of the first and third sentences of paragraph 40 and admit that the Flandrau deposition was not concluded on August 13, 2010.  Except as expressly admitted, the Defendants deny all allegations of paragraph 40 of the Complaint.

41.     With respect to paragraph 41 of the Complaint, the Defendants hereby incorporate paragraphs 1 through 40 of this Answer as if fully set forth hereat.

42.     The Defendants deny the allegations of paragraph 42 of the Complaint.

43.     The Defendants deny the allegations of paragraph 43 of the Complaint.

44.     The Defendants deny the allegations of paragraph 44 of the Complaint.

45.     The Defendants deny the allegations of paragraph 45 of the Complaint.

46.     The Defendants deny the allegations of paragraph 46 of the Complaint.

47.     The Defendants deny the allegations of paragraph 47 of the Complaint.

48.     The Defendants deny the allegations of paragraph 48 of the Complaint.

49.     The Defendants deny the allegations of paragraph 49 of the Complaint.

50.     The Defendants deny the allegations of paragraph 50 of the Complaint.

51.     With respect to paragraph 51 of the Complaint, the Defendants hereby incorporate paragraphs 1 through 50 of this Answer as if fully set forth hereat.

52.     The Defendants deny the allegations of paragraph 52 of the Complaint.

53.     The Defendants deny the allegations of paragraph 53 of the Complaint.

54.     The Defendants deny the allegations of paragraph 54 of the Complaint.

55.     With respect to paragraph 55 of the Complaint, the Defendants hereby incorporate paragraphs 1 through 54 of this Answer as if fully set forth hereat.

56.     The Defendants deny the allegations of paragraph 56 of the Complaint.

57.     With respect to paragraph 57 of the Complaint, the Defendants hereby incorporate paragraphs 1 through 56 of this Answer as if fully set forth hereat.

58.     The Defendants deny the allegations of paragraph 58 of the Complaint.

59.     The Defendants deny the allegations of paragraph 59 of the Complaint.

60.     The Defendants deny the allegations of paragraph 60 of the Complaint.

61.     The Defendants deny the allegations of paragraph 61 of the Complaint.

62.     With respect to paragraph 62 of the Complaint, the Defendants admit that Wells Fargo Bank, N.A. was not the trustee for the registered holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgages Pass-Through Certificates, Series 2006-C23 as of the

date of the filing of the proof of claim.  Except as expressly admitted, the Defendants deny all allegations of paragraph 62 of the Complaint.

63.     The Defendants deny the allegations of paragraph 63 of the Complaint.

64.     The Defendants deny the allegations of paragraph 64 of the Complaint.

65.     The Defendants deny the allegations of paragraph 65 of the Complaint.

66.     The Defendants admit the allegations of the second and third sentences of paragraph 66 and deny the allegations of the other sentences of paragraph 66 of the Complaint.

67.     The Defendants deny the allegations of paragraph 67 of the Complaint.

68.     The Defendants deny the allegations of paragraph 68 of the Complaint.

69.     The Defendants deny the allegations of paragraph 69 of the Complaint.

70.     With respect to paragraph 70 of the Complaint, the Defendants admit that credits totaling $295,192.62 are shown on the summary to the proofs of claim.  Except as expressly admitted, the Defendants deny all allegations of paragraph 70 of the Complaint.

71.     The Defendants deny the allegations of paragraph 71 of the Complaint.

72.     The Defendants deny the allegations of paragraph 72 of the Complaint.

73.     The Defendants deny the allegations of paragraph 73 of the Complaint.

74.     The Defendants deny the allegations of paragraph 74 of the Complaint.

75.     The Defendants deny the allegations of paragraph 75 of the Complaint.

76.     The Defendants admit the allegations of the first and second sentences of paragraph 76 and deny the allegations of the other sentences of paragraph 76 of the Complaint.

77.     The Defendants deny the allegations of paragraph 77 of the Complaint.

78.     The Defendants deny the allegations of paragraph 78 of the Complaint.

79.     The Defendants deny the allegations of paragraph 79 of the Complaint.

80.     The Defendants deny the allegations of the last paragraph (unnumbered) of the Complaint.

81.     Any allegations of the Complaint that are not expressly admitted above are denied.

## SECOND DEFENSE

82.     The Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

83.     Plaintiff's claims for sanctions, disallowance of claim, and equitable subordination are barred by the doctrine of *res judicata* to the extent those claims are based on conduct that was addressed by prior rulings of the Court.  Plaintiff cannot seek additional relief for that same conduct in this adversary proceeding.

## FOURTH DEFENSE

84.     Plaintiff's claims for exemplary damages are barred to the extent they exceed the maximum amounts specified in Tex. Civ. Prac. & Rem. Code § 41.008.

## FIFTH DEFENSE

85.     All or part of Plaintiff's tort claims are barred by the economic loss rule.

## SIXTH DEFENSE

86.     All or part of Plaintiff's tort claims are barred by Plaintiff's contributory negligence.

## SEVENTH DEFENSE

87.     All or part of Plaintiff's claims are barred by estoppel.  Plaintiff accepted the benefits of the loan documents and transactions between the parties, voluntarily filed for bankruptcy protection, and accepted the benefits of bankruptcy protection.  Plaintiff cannot now recover damages from the Defendants for any adverse consequences of those things.

## EIGHTH DEFENSE

88.     Plaintiff's claims are barred, in whole in part, by waiver.  Plaintiff waived certain rights and benefits in the loan documents.  Plaintiff cannot recover damages for alleged breaches and violations any of the rights and benefits it waived.

## NINTH DEFENSE

89.     Plaintiff's claims are barred, in whole in part, by Plaintiff's failure to mitigate its alleged damages.

## TENTH DEFENSE

90.     Plaintiff's claims are barred, in whole in part, by Plaintiff's prior breach of the loan documents.

## ELEVENTH DEFENSE

91.     Any tort damages alleged by Plaintiff are barred, or alternatively must be reduced, due to Plaintiff's proportionate responsibility in accordance with Chapter 33 of the Texas Civil Practice & Remedies Code.

## TWELFTH DEFENSE

92.     The Defendants are entitled reduce the amount of Plaintiff's claims under the doctrines of setoff and recoupment for Plaintiff's payment and indemnity obligations under the loan documents.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Defendants respectfully request that this Court enter judgment as follows:

(a)     ruling that Plaintiff take nothing against the Defendants; and

(b)     granting the Defendants such other and further relief, general or special, at law or in equity, to which they may be justly entitled.

Respectfully Submitted,

QUILLING, SELANDER, CUMMISKEY
  & LOWNDS, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)


By:    */s/ Kenneth A. Hill*
                Kenneth A. Hill
                Texas Bar No. 09646950


           - and -


Tom Kirkendall
Texas Bar No. 11517300
LAW OFFICE OF TOM KIRKENDALL
2 Violetta Ct.
The Woodlands, TX 77381-4550
(281) 364-9946 (Telephone)
(888) 582-0646 (Facsimile)

ATTORNEYS FOR THE DEFENDANTS


## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on the 23rd day of September, 2010, a true and correct copy of the foregoing document was served via certified mail, return receipt requested, on the following:

Preston T. Towber
The Towber Law Firm PLLC
6750 West Loop South, Suite 920
Bellaire, Texas  77401


                */s/ Kenneth A. Hill*
                Kenneth A. Hill